**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ABDUL WALI SALEEM,                    :          Civil Action No. 04-928 (RBK)
a/k/a MARK ANTHONY,                   :
                                      :
            Petitioner,               :
                                      :                    **O P I N I O N**
        v.                            :
                                      :
ROY L. HENDRICKS, et al.,             :
                                      :
            Respondents.              :
_____:

**APPEARANCES:**

>        ABDUL WALI SALEEM, #22579/930671A
>        New Jersey State Prison
>        P.O. Box 861
>        Trenton, New Jersey  08625
>        Petitioner Pro Se

>        DEBRA A. OWENS, Deputy Attorney General
>        PETER C. HARVEY, ATTORNEY GENERAL
>        Division of Criminal Justice
>        Appellate Bureau
>        P.O. Box 086
>        Trenton, New Jersey  08625
>        Attorneys for Respondents

**KUGLER**, District Judge

        Abdul Wali Saleem, serving a life sentence for murder, filed a Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of

New Jersey, Camden County, on November 3, 1989, and amended on November 18, 1991.

Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the

statute of limitations, 28 U.S.C. § 2244(d).  Petitioner filed a Traverse to the Answer in which he

asks the Court to equitably toll the statute of limitations.  Petitioner also filed a motion for

equitable tolling of the statute of limitations, supported by a certification.  The government filed

a letter in opposition to the motion and Petitioner filed a motion to file a response.  For the

reasons expressed below, the Court grants Petitioner's motion to file a response, denies

Petitioner's motion to equitably toll the statute of limitations, dismisses the Petition as untimely,

and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New

Jersey, Camden County, on November 3, 1989, and amended on November 18, 1991, after a jury

found him guilty of murder, possession of a weapon for an unlawful purpose, unlawful

possession of a weapon, and hindering apprehension or prosecution.  The Law Division

sentenced Petitioner to life imprisonment, plus five years, with a 32.5-year period of parole

ineligibility.  Petitioner appealed, and on October 28, 1991, the Superior Court of New Jersey,

Appellate Division, affirmed the conviction, with the exception of the conviction for hindering

apprehension or prosecution.  The New Jersey Supreme Court denied Petitioner's petition for

certification on May 14, 1992.  Petitioner did not file a petition for certiorari in the United States

Supreme Court and his conviction became final on August 12, 1992.

Petitioner filed a state petition for post-conviction relief on May 25, 1993.  The Law

Division of the Superior Court of New Jersey denied relief on April 25, 1995.  The Superior

Court, Appellate Division, affirmed on April 10, 1997 and the Supreme Court of New Jersey

denied his petition for certification on September 17, 1997.  See State v. Anthony, 151 N.J. 469 (1997) (table).

On November 12, 1997, the Clerk of this Court received Petitioner's first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("First Petition").  See Anthony v. Morton, Civil No. 97-5648 (JEI) (D.N.J. filed Nov. 12, 1997).  Respondents filed an Answer.  On August 10, 1998, Hon. Joseph E. Irenas dismissed the Petition without prejudice as a mixed petition.  Id.

Petitioner thereafter filed a pro se second petition for post-conviction relief in the Law Division of the Superior Court of New Jersey.  The parties dispute the filing date.  Petitioner asserts that he filed the second PCR petition on October 1, 1999, a third petition on March 12, 2001, and a fourth petition on August 16, 2001.  The state contends that he did not file the second PCR petition until March 12, 2001.  In any event, the Law Division denied relief on September 6, 2001.  The Appellate Division affirmed on August 6, 2003, and the Supreme Court of New Jersey denied certification on November 18, 2003.  See State v. Anthony, 178 N.J. 251 (2003) (table).

On February 14, 2004, Petitioner executed his second § 2254 Petition, which is now before this Court.  The Clerk received it on February 23, 2004, with an application to proceed in forma pauperis.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition asserts 11 grounds, none of which raises a right newly recognized by the United States Supreme Court.

Respondents filed an Answer, arguing that the Petition should be dismissed as time-barred, unexhausted, and on the merits.  Petitioner filed a Traverse asking the Court to equitably toll the statute of limitations.  Petitioner also filed a motion on January 11, 2005, asking the Court to equitably toll the statute of limitations, accompanied by a certification and exhibits.  The state filed a letter arguing that Petitioner provided no basis to equitably toll the limitations period.  Petitioner filed a motion to file a response to the state's letter.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

4

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired on April 23, 1997. Id.

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because Petitioner's appeal from the order denying his first PCR petition was pending before the Appellate Division on April 24, 1996, the limitations period was statutorily tolled from April 24, 1996, until the Supreme Court of New Jersey denied Petitioner's petition for certification by order filed September 17, 1997. See Stokes v. Dist. Attorney of County of Phila., 247 F.3d 539, 541 (3d Cir. 2001). Absent equitable tolling, the one-year statute of limitations expired on September 17, 1998. Id. at 542.

The AEDPA statute of limitations is subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate

5

> only when the principle of equity would make the rigid application
> of a limitation period unfair.  Generally, this will occur when the
> petitioner has in some extraordinary way been prevented from
> asserting his or her rights.  The petitioner must show that he or she
> exercised reasonable diligence in investigating and bringing [the]
> claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner contends that the limitations period should be equitably tolled from the date he filed his first § 2254 petition on November 12, 1997, until this Court dismissed it without prejudice on August 10, 1998.[1]  He further argues that, because he did not receive notice of this

---

[1] The Court grants the motion to file a response.

6

Court's dismissal of his first petition until July 7, 1999, the limitations period should also be equitably tolled from August 11, 1998, through July 7, 1999.

The Court is mindful that Petitioner filed his first § 2254 petition on November 12, 1997, before the statute of limitations expired on November 17, 1998.  Absent tolling, the limitations period expired before October 1, 1999, the date on which Petitioner claims he filed his second PCR petition.  This Court holds that the limitations period was not tolled during the time Petitioner's first petition was pending.

Statutory tolling is unavailable because the United States Supreme Court held in 2001 that the limitations period is not statutorily tolled while an unexhausted § 2254 petition is pending before a federal court.  See Duncan v. Walker, 533 U.S. 167 (2001); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); see also Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005) ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

Equitable tolling is foreclosed by the Third Circuit's ruling in Jones v. Morton, 195 F.3d at 159-60, that, absent extraordinary circumstances, the limitations period is not equitably tolled while a mixed petition is pending.  Jones filed his second § 2254 petition in this Court on March 28, 1995.  Id. at 155.  The Court dismissed it on July 15, 1996, on the ground that it did not raise a federal claim and, alternatively, for failure to exhaust state court remedies.  Id.  Jones applied for a certificate of appealability which the Third Circuit denied on January 13, 1997, for failure to exhaust state court remedies.  Id. at 156.  Jones filed the § 2254 petition at issue on November 3, 1997.  Id.  The Court dismissed that petition on April 9, 1998, on several grounds, including statute of limitations.  Id.  The Third Circuit granted a certificate of appealability as to whether the District Court properly dismissed the petition as time-barred and whether Jones was entitled

to tolling of the limitations period.  Id. at 156.  The Third Circuit noted that Jones' prior

unexhausted petition was pending before this Court from the date of AEDPA's enactment on

April 24, 1996, until February 14, 1997, and that, if Jones were afforded tolling during the

pendency of that petition, his present petition would be timely.  Id. at 158.  After rejecting Jones'

statutory tolling argument, the circuit court considered Jones' contention that, in light of his

repeated attempts to be heard in federal court, it would not be equitable to bar the current petition

as untimely.  Id. at 160.  Noting that, "[t]raditionally, a statute of limitations is not tolled by the

filing of a complaint that is subsequently dismissed without prejudice," id. at 160, the Court held

that Jones' "misunderstanding of the exhaustion requirement is insufficient to excuse his failure

to comply with the statute of limitations" and that he had established "no basis for an equitable

tolling of the time during which his second habeas petition was pending in federal court."  Id.

The Court also rejected Jones' argument that the filing date of the current petition should relate

back to the filing date of the second unexhausted petition because, once the prior petitions were

dismissed, there was nothing for the third petition to relate back to.  Id.   "[I]f a petition is

dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is

completed cannot be considered an amendment to the prior petition, but must be considered a

new action."  Id. at 160-61.

The Third Circuit's decision in Jones v. Morton, 195 F.3d at 159-160, precludes this

Court from finding that Petitioner's mistaken filing of his first unexhausted § 2254 petition is an

extraordinary circumstance warranting equitable tolling during the time the petition was pending

in this Court.  Id.  As Petitioner provides no other extraordinary circumstance that might warrant

equitable tolling of the limitations period, the statute of limitations expired on September 17,

1998.  Petitioner's second and subsequent state post-conviction relief applications did not statutorily toll the limitations period because they were not filed in the New Jersey courts until after the limitations period had expired.  See Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004) (where AEDPA's one-year period of limitation expired before petitioner filed his state PCR petition, that state PCR petition would not toll limitations period).

The Supreme Court's decisions in Pliler v. Ford, 124 S.Ct. 2441 (2004), and Rhines v. Weber, 125 S.Ct. 1528 (2005), are instructive.  In Pliler, the petitioner filed his first § 2254 petition before the statute of limitations expired.  After the limitations period expired, the district court determined that the petition was mixed, that is, contained exhausted and unexhausted claims.  The district court dismissed the petition without prejudice as unexhausted and the petitioner returned to state court, which summarily dismissed.  The petitioner refiled his § 2254 petition in federal court and the district court dismissed the petition with prejudice as untimely under the one-year statute of limitations.  The Ninth Circuit granted a certificate of appealability and held that the petition was timely because the filing date related back to the original petition.  The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice without advising the petitioner of the option for a stay and without advising the petitioner that his federal claims would be time-barred, absent cause for equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

The Supreme Court reversed the Ninth Circuit, holding that federal district judges are not required to warn pro se petitioners about the time-bar or advise them of the option of a stay before dismissing a mixed petition without prejudice.  Pliler, 124 S.Ct. at 2446.  The Court

9

expressly rejected the petitioner's argument that the advisements are necessary to ensure that pro

se petitioners make informed decisions and do not unknowingly forfeit their exhausted claims.

> Respondent reads <u>Rose</u> as mandating that a prisoner be given *the choice* of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court.  But <u>Rose</u> requires only that a district court must dismiss . . . mixed petitions, leaving the prisoner with the choice described above.  In other words, <u>Rose</u> requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined in <u>Rose</u> if he wants to proceed with his federal habeas petition.  But nothing in <u>Rose</u> requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options.

<u>Pliler</u>, 124 S.Ct. at 2447 (citations and internal quotation marks omitted).

In <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005), the Supreme Court vacated a judgment of the

Eighth Circuit holding that a district court has no authority to stay a mixed petition to allow the

petitioner to present his unexhausted claims to the state court and then to return to federal court.

Noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of

limitations," <u>id.</u> at 1533, the Court observed that

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under <u>Lundy</u> after the limitations period has expired, this will likely mean the termination of any federal review.  For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

<u>Id.</u> at 1533.

The Court held that a district court has the authority to issue stays only where a stay

would be compatible with AEDPA's purposes.  <u>Id.</u> at 1534. The Court determined that "it likely

would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition
if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially
meritorious, and there is no indication that the petitioner engaged in intentionally dilatory
litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the
mixed petition."  Id. at 1535.

In light of Pliler, Rhines, and Jones v. Morton, this Court holds that the instant § 2254
Petition is barred by the one-year statute of limitations which expired on September 17, 1998.
Petitioner has not shown that he is entitled to equitable tolling of the limitations period that
would render his Petition timely.  Accordingly, the Court denies Petitioner's motion to equitably
toll the statute of limitations and dismisses the Petition as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final
order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that
"the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
§ 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court
held:  "When the district court denies a habeas petition on procedural grounds without reaching
the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at
least, that jurists of reason would find it debatable whether the petition states a valid claim of the
denial of a constitutional right and that jurists of reason would find it debatable whether the
district court was correct in its procedural ruling."  Id.

In light of <u>Pliler</u> and <u>Rhines</u>, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court grants Petitioner's motion to file a response, denies Petitioner's motion for equitable tolling, dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.


  s/Robert B. Kugler                           
ROBERT B. KUGLER, U.S.D.J.


DATED:    September 30   , 2005

12